## IN THE UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF GEORGIA
## MACON DIVISION

| | |
|---|---|
| YVETTE BRANCH, | ) |
| | ) |
|     Plaintiff, | ) |
| | ) Civil Action File No. |
| | ) _____ |
| vs. | ) |
| | ) |
| NAVICENT HEALTH, INC. and SIMEON | ) |
|  SESSLEY, CLINT JONES, *in their* | ) |
| *individual capacity,* | ) |
| | ) **JURY TRIAL DEMANDED** |
|     Defendants. | ) |
| _____ | ) |

## <u>COMPLAINT</u>

Plaintiff Yvette Branch ("Plaintiff" or "Ms. Branch") hereby asserts her Complaint against the above-captioned Defendant Navicent Health, Inc., (hereinafter "employer" or "Defendant Navicent" or "Company"), Defendant Simeon Sessley (hereinafter "Defendant Sessley"), and Defendant Clint Jones (hereinafter "Defendant Jones") and shows the Court as follows:

## NATURE OF ACTION

### 1.

This cause of action arises under the provisions of the Family Medical Leave Act of 1993 (hereinafter "FMLA") and the Americans with Disabilities Act of 1990, as amended ("ADAAA").

## JURISDICTION AND VENUE

### 2.

This Court has jurisdiction over this case pursuant to 28 U.S.C. § 1331 (federal question), 28 U.S.C. (civil rights), 28 U.S.C. §§ 2201 and 2202 (declaratory judgment), and 42 U.S.C. § 12117(a) and 42 U.S.C. §2000e-5(f)(3)(ADA).

### 3.

Venue is proper in this district and division pursuant to 28 U.S.C. § 1391 because Defendant Navicent resides and maintains a place of business in the Middle District of Georgia, Macon Division, and the unlawful conduct complained of herein occurred in this district and division.

## PARTIES

### 4.

Plaintiff Yvette Branch is an adult citizen and is entitled to bring actions of this nature and type.  Plaintiff was a resident of the State of Georgia at all times

material to Plaintiff's employment relationship with Defendant Navicent.  Plaintiff is subject to this Court's jurisdiction.

5.

At all relevant times to this action, Plaintiff was an "employee" of Defendant within the meaning of the ADAAA and the FMLA.

6.

At all relevant times, Plaintiff was the caregiver of an individual with a disability within the meaning of the ADAAA, 42 U. S. C. §12102(1)(A), (B), and (C).  Specifically, Ms. Branch is a caregiver and person associated with an individual with a disability as defined under the ADAAA because she cared for and was associated with an individual with a disability who suffered from a mental or physical impairment that substantially limited one or more major life activities, had a record of such impairment, and because Defendants regarded her as being associated with an individual who had such an impairment.

7.

Defendant Navicent employed Plaintiff.

8.

Defendant Navicent is a non-profit corporation with over 500 employees, that is registered to and does transact business in the State of Georgia.

9.

Defendant Navicent is an employer within the meaning of the ADA.

10.

Defendant Navicent is a covered employer under the FMLA.

11.

Defendant Navicent is subject to this Court's jurisdiction and may be properly served with process by delivering a copy of the Summons and Complaint upon its registered agent Kenneth B. Banks, 770 Hemlock, Suite A, Macon, GA 31201.  At all relevant times, Defendant Navicent was the employer of Plaintiff, as defined by the ADA and FMLA.

12.

Defendant Simeon was at all times relevant to this action, a resident of the State of Georgia and is subject to the jurisdiction of this Court. At all times relevant to this action, Defendant Simeon was Plaintiff's direct supervisor who had authority to terminate Plaintiff's employment.

13.

Defendant Simeon may be served with Summons and Process through Defendant Navicent's registered agent, Kenneth B. Banks, 770 Hemlock, Suite A, Macon, GA 31201.

4

## EXHAUSTION OF ADMINISTRATIVE REMEDIES

### 14.

Ms. Branch has exhausted all administrative prerequisites prior to filing this action.

### 15.

Ms. Branch timely filed a Charge of Discrimination with the U.S. Equal Employment Opportunity Commission ("EEOC"), raising her claims for violation of the ADAAA.  The EEOC completed its investigation and issued a Notice of Right to Sue.  Ms. Branch brings this action within ninety (90) days of receipt of her Notice of Right to Sue.

## STATEMENT FACTS

### 16.

Defendant is a healthcare provider that offers hospital based and clinical healthcare services.

### 17.

On May 30, 2017, Defendant Navicent hired Ms. Branch as a Master Black Belt.

### 18.

Ms. Branch was well respected by her peers and her performance was exemplary.

19.

In 2017, Ms. Branch shared with her supervisor, Defendant Simeon Sessley, that her father suffered from Alzheimer's Disease and Dementia.

20.

On June 29, 2018, Ms. Branch informed Mr. Sessley of her need to take intermittent FMLA leave as related to her father's care.

21.

Ms. Branch later contacted Navicent's third party vendor, Hartford, to submit her request for FMLA leave on August 13, 2018.

22.

Hartford notified Ms. Branch that she was eligible for FMLA leave as the requirements had been met.

23.

Hartford notified Defendant Navicent of Ms. Branch's request for intermittent FMLA leave on September 13, 2018.

24.

On September 13, 2018, Ms. Branch submitted her request for FMLA leave to Hartford along with the additional medical information that was requested.

25.

On September 14, 2018, the doctor responsible for the care of Ms. Branch's father submitted the completed form to Defendant Navicent.

26.

On September 20, 2018, Navicent approved Ms. Branch's request for intermittent FMLA leave.

27.

Following the approval of her request for FMLA leave, Ms. Branch received a Leave of Absence Determination confirming she was approved to use intermittent FMLA leave from September 14, 2018 through September 13, 2019.

28.

On September 25, 2018, Defendant Navicent posted a vacancy for a Black Belt position.

29.

The description of the Black Belt position Defendant Navicent posted on September 25, 2018 was substantially equivalent, if not the exact same, as the job duties Ms. Branch performed as a Master Black Belt.

30.

On September 26, 2018, Ms. Branch was called into a meeting with her immediate supervisor, Defendant Sessley, and Defendant Jones, who served as Human Resources Specialist.

31.

During the meeting on September 26, 2018, Defendant Sessley and Defendant Jones informed Ms. Branch that the Company was ending her employment because her position was being eliminated.

32.

Defendant Sessley told Ms. Branch that her termination was not in any way performance based.

33.

After informing Ms. Branch that her termination was not performance related, Defendant Navicent later represented to the U.S. Equal Employment Opportunity Commission ("EEOC") that Ms. Branch was terminated for performance related reasons.

34.

Defendant Navicent never informed Ms. Branch, in writing or otherwise, of any performance deficiencies or areas of improvement at any point during the course of her employment.

35.

Defendant Navicent never informed Ms. Branch, in writing or otherwise, of any performance deficiencies or areas of improvement at any point during the termination meeting on September 26, 2018.

36.

Ms. Branch's position was the only position that Defendant Navicent allegedly eliminated.

37.

Defendant Navicent did not offer an alternative position to Ms. Branch that would have allowed her to maintain her employment with the Company.

38.

At all relevant times, Defendant Sessely was aware that Ms. Branch's father suffered from a health issue.

39.

At all relevant times, Defendant Sessely was aware of Ms. Branch's request for intermittent FMLA leave to assist with her father's care on an as needed basis.

40.

At all relevant times, Defendant Sessely was aware Ms. Branch applied for and was approved FMLA leave.

41.

At all relevant times, Defendant Jones was aware that Ms. Branch's father suffered from a health issue.

42.

At all relevant times, Defendant Jones was aware of Plaintiff's request for intermittent FMLA leave to assist with her father's care on an as needed basis.

43.

At all relevant times, Defendant Sessely was aware Ms. Branch applied for and was approved FMLA leave.

44.

Defendant's actions in terminating Ms. Branch's employment demonstrate violations of the FMLA's interference and retaliation provisions.

## CLAIMS FOR RELIEF

## COUNT ONE: ASSOCIATIONAL DISABILITY DISCRIMINATION  IN VIOLATION OF THE ADAAA

### (Against Defendant Navicent)

The allegations in the preceding paragraphs are incorporated by reference as if set forth herein.

### 45.

At all times relevant to this action, Plaintiff was a caregiver who was associated with a person with a disability as defined under the ADAAA.

### 46.

At all times relevant to this action, the relationship between Plaintiff and Defendants was a relationship of "employee" to "employer" within the meaning of the ADAAA such that a cause of action exists where discrimination on the basis of caregiver status or associational discrimination is alleged to have occurred.

### 47.

As a proximate and direct result of Defendant Navicent's conduct, Plaintiff has suffered and will continue to suffer damages including but not limited to, emotional distress, inconveniences, loss of income and benefits, humiliation, and other indignities, for which she is entitled to recover.

## COUNT TWO: FMLA INTERFERENCE

### (Against All Defendants)

The allegations in the preceding paragraphs are incorporated by reference as if set forth herein.

48.

At all times relevant, Defendant Navicent has employed 50 or more employees for each working day in each of twenty or more calendar weeks in the current or preceding calendar year.

49.

Defendant is a covered employer and is subject to the provisions of the Family and Medical Leave Act of 1993.

50.

After Plaintiff was approved FMLA leave, Defendants interfered with Plaintiff's leave by terminating her employment prior to the conclusion of her approved FMLA leave period.

51.

The Secretary of Labor has not filed suit on Plaintiff's behalf.

52.

Plaintiff has met all jurisdictional prerequisites to filing suit against Defendants.

## COUNT THREE: FMLA RETALIATION

### (Against All Defendants)

The allegations in the preceding paragraphs are incorporated by reference as if set forth herein.

53.

Plaintiff engaged in protected activity when she requested FMLA leave.

54.

During the course of Plaintiff's approved FMLA leave, Defendant retaliated against Plaintiff for exercising her right to take FMLA leave, by terminating Plaintiff's employment prior to the conclusion of her approved FMLA leave period.

55.

In terminating Plaintiff's employment, Defendant knowingly and intentionally retaliated against Plaintiff for engaging in protected activity.

56.

The reasons given by Defendants for the adverse employment actions are pretext designed to hide Defendants' retaliatory motive.

57.

Defendants' actions constitute unlawful retaliation in violation of the FMLA.

58.

At the time of the acts alleged, Defendants knew or should have known that the means utilized to punish Plaintiff for requesting and using her FMLA leave were forbidden by law.

59.

Defendants performed the above actions willfully, wantonly, intentionally and in reckless disregard of Plaintiff's federally-protected rights.

60.

As a direct result of Defendants' actions, Plaintiff suffered and continues to suffer stress and injury, compensable in an amount to be proven at trial.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff respectfully prays that this Court:

1. Grant to Plaintiff a jury trial on all issues so triable;

2. Grant declaratory judgment that Plaintiff's rights under the ADA and the FMLA have been violated;

3. Grant Plaintiff a permanent injunction prohibiting Defendants from engaging in such unlawful conduct in the future;

4. Order Defendants to compensate, reimburse, and make whole the Plaintiff for all the benefits she would have received had it not been for Defendants' illegal actions, including but not limited to pay, benefits, insurance costs, bonuses, raises, training, promotions, and seniority.  Plaintiff should be accorded these illegally withheld benefits from the date Plaintiff was discharged until the date Defendants tender substantially equivalent employment, with interest on the above withheld amounts to the date of payment;

5. Award pre-judgment interest on any award of back pay made by the jury as required by law;

6. Award liquidated damages in an amount to be shown at trial;

7. Award compensatory damages in an amount to be determined by a jury;

8. Award punitive damages in an amount reasonable and commensurate with the harm done and calculated to be sufficient to deter such conduct in the future;

9. Award Plaintiff's attorneys' fees and any and all other costs and expenses of litigation associated with this action as provided by law; and

10. Award Plaintiff such additional relief as the Court deems proper and just.

This 26th day of September, 2020.

SHELTON LAW PRACTICE, LLC

By:    /s/    Cherri L. Shelton
          Georgia Bar No. 27693

Shelton Law Practice, LLC
1827 Powers Ferry Road SE
Building 25, Suite 100
Atlanta, GA 30339
Phone: (404) 865-3771   Facsimile: (678) 882-7499
cshelton@sheltonlawpractice.com

**ATTORNEY FOR PLAINTIFF**